1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT TACOMA

9

RICHARD P. VANCIL and DEBORAH Y.        )
10   VANCIL, husband and wife,              )
                                            )   No.  3:12-cv-05775
11              Plaintiffs,                  )
                                            )                   ORDER
12        v.                                )   GRANTING PRELIMINARY
                                            )   INJUNCTION
13   FIDELITY NATIONAL TITLE INSURANCE      )
     CO., a corporation; U.S. BANK N.A., a  )
14   Delaware corporation, as Trustee for Merrill )
     Lynch Mortgage Investors Trust, Mortgage Loan )
15   Asset-Backed Certificates, Series 2006-OPTI; )
     and AMERICAN HOME MORTGAGE            )
16   SERVICING, INC., a corporation now known as )
     HOMEWARD RESIDENTIAL,                 )
17                                          )
                Defendants.                 )
18   _____)

19        This matter came on for hearing before the undersigned upon plaintiff's Motion for

20   Preliminary Injunction.  Defendants have filed only a limited opposition to the motion,

21   seeking to have the order require plaintiffs to deposit their monthly payments into the registry

22   of the Court pursuant to RCW 61.24.130.

23        Based upon the record before it, the Court finds and concludes that plaintiffs have

24   demonstrated a likelihood of prevailing on the merits.  First, there is serious doubt that any of

25   the named defendants is a lawful beneficiary under the Vancil Deed of Trust and so

26   empowered to appoint a successor trustee and direct that the Vancil property be sold.  Second,

27   defendants AHMSI and U.S. Bank fail to demonstrate compliance with RCW 61.24.031

ORDER GRANTING PRELIMINARY INJUNCTION — 1

1 requiring certain communications with the Vancils as borrowers prior to or as part of a

2 foreclosure. Third, neither notice of default contained the declaration required by Washington

3 statute.

4      Second, the Vancils have demonstrated irreparable harm if injunctive relief is not

5 granted. The Vancils would lose their residence of three decades and may be barred from

6 seeking recovery of damages for wrongful foreclosure.

7      Third, the balance of the hardships weighs in favor of the Vancils. If the Vancils are

8 not granted injunctive relief, they will lose their residence of three decades; the defendants, on

9 the other hand, will simply suffer a delay in sale should they prevail.

10      Fourth and finally, the public interest favors the issuance of injunctive relief.

11      As used below, the term "Property" means and refers to the Vancils' residence located

12 at 13732 Sunrise Drive, Bainbridge Island, Kitsap County, Washington 98110-4159,

13 Assessor's Tax Parcel No. 0225-021-054-2006, legally described as follows:

14      That portion of Government Lot 2, Section 2, Township 25
North, Range 2 East, W.M. described as follows:

15

16      Beginning at the center of said Section 2; thence South
88°40'48" East 30 feet to the East margin of Sunrise Drive;
thence North 1°03'10" East along said East margin 300 feet;

17 thence parallel to the South boundary of Government Lot 2,
South 88°43'26" East 710 feet; thence North 1°03'48" East

18 115.97 feet and the true point of beginning; thence South
88°43'26" East to the Government meander line; thence

19 Northerly along said meander line to the South line of a tract of
land sold to Charles E. Welsh and Charlotte W. Welsh, husband

20 and wife, under Auditor's File No. 1154963; thence along the
South line of said Welsh tract North 88°44'45" West 220 feet,

21 more or less, to a point North 1°03'48" East from the true point
of beginning; thence South 1°03'48" West 95 feet, more or less,

22 to the true point of beginning;

23      TOGETHER WITH second class tide lands as conveyed by the
State of Washington, situate in front of, adjacent to or abutting

24 thereof.

25      Being designated as Lot B of Short Plat No. 1498, recorded
under Auditor's File No. 7808020173; A.P.N. 022502-1-054-

26 20-06-002.

27      Based upon the Court's findings and conclusions, it is hereby

**ORDER GRANTING PRELIMINARY INJUNCTION — 2**

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
1501 N. 200th Street, Suite 102
Shoreline, Washington 98133
(206) 533-0490 · Fax: (206) 533-0491

1       ORDERED, that defendants, and each of them, and their respective officers, agents,

2  servants, employees, and attorneys, and those persons in active concert or participation with

3  them who receive actual notice of this order, are hereby enjoined *pendente lite* from

4  proceeding with any Trustee's Sale of the Vancil's Property; and it is further

5       ORDERED, that pursuant to RCW 61.24.130, plaintiffs pay into the registry of the

6  Court the amount of $5,652.50 each month.  The first payment shall be due five (5) days after

7  the entry of this order.  Each ensuing payment shall be due on or before the first day of each

8  successive month thereafter.

9      DATED this ____ day of ~~October~~ November, 2012.

10

11

12              Hon. Benjamin H. Settle
                 United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**ORDER GRANTING PRELIMINARY INJUNCTION — 3**

LAW OFFICES OF
ALAN S. MIDDLETON PLLC
1501 N. 200th Street, Suite 102
Shoreline, Washington 98133
(206) 533-0490 · Fax: (206) 533-0491